5-15-14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHNNY LEE COLEMAN                                                              PLAINTIFF

v.                                                                    No. 3:14CV56-GHD-DAS

SGT. WILSON, ET AL.                                                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Johnny Lee Coleman, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Allegations

On January 8, 2014, just before 7:00 p.m. Corrections Officers Watson, Jones, and McKinnie conducted a search of the beds in Johnny Lee Coleman's unit. Coleman had been in his cell a mere 10 minutes before the search, and there was no contraband in or around his bed. However, during the search, CO Watson found a cellular phone in Coleman's bed. Coleman received a Rule Violation Report that same day. Though he requested an investigation and witnesses for his disciplinary hearing, he received neither. He was found guilty of the infraction and was punished by loss of all privileges for 30 days and loss of 180 days of earned time.

### *Sandin*

Under the ruling *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests

which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was loss of all privileges for 30 days and loss of 180 days of earned time.[1] Such punishment clearly "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and this claim will be dismissed for failure to state a claim upon which relief could be granted.

### Earned Time

Coleman contends that the defendants violated his constitutional rights by stripping him of earned time credits which count toward his early release from confinement. Section 1983 is an inappropriate vehicle for an inmate to seek recovery of lost earned time credits, *Preiser v. Rodriguez*,

---

[1] The present discussion relates only to the loss of privileges. For the reasons set forth in the following section, 42 U.S.C. § 1983 is not the proper vehicle to bring a claim for loss of earned time.

411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), and it is likewise improper for an inmate to sue for damages under § 1983 where success on the merits of the inmate's claim would "necessarily imply" invalidity of confinement. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In both cases, the inmate's available remedy is to petition for a writ of *habeas corpus*. The Court has applied *Heck* to inmates challenging the loss of earned time credits through prison disciplinary proceedings resulting in a change of their sentences. *Edwards v. Balisok*, 520 U.S. 641 (1997). The rule which the Fifth Circuit Court of Appeals follows in determining whether a prisoner must first obtain *habeas corpus* relief before bringing a § 1983 action is: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a *habeas* judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)). Because Coleman, if successful in this case, would be entitled to accelerated release, he must first obtain *habeas corpus* relief before bringing suit under § 1983. This allegation must be dismissed for failure to state a claim upon which relief could be granted.

In sum, all of the plaintiff's claims are without merit, and this case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 15 day of May, 2014.

/s/ Glen H. Davidson
SENIOR JUDGE